**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN HARDGES,

        Petitioner,

                             CASE NO. 2:13-CV-14805
v.                           HONORABLE GERALD E. ROSEN
                             UNITED STATES DISTRICT JUDGE

JOE BARRETT,

        Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF**
**HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF**
**APPEALABILITY**

      Kevin Hardges, ("petitioner"), currently on parole with the Wayne County

probation department, seeks the issuance of a writ of habeas corpus pursuant

to 28 U.S.C. § 2254. In his application, filed by his attorney, Peter Van Hoek

of the State Appellate Defender Office, petitioner challenges his conviction for

using a computer for the purpose of committing third-degree criminal sexual

conduct or child sexually abusive activity, M.C.L. § 750.145d(2)(f), child

sexually abusive activity, M.C.L. § 750.145c(2), and using a computer for the

purpose of accosting or soliciting a minor for immoral purposes, M.C.L. §

750.145d(2)(d). For the reasons stated below, the petition for writ of habeas

corpus is DENIED.

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> In his original brief on appeal, defendant raised claims of instructional error wherein he argued that the trial court failed to instruct the jury on essential elements of the charged offenses. After defendant filed his brief, this Court granted the prosecutor's motion to remand to correct the record. *People v. Hardges*, unpublished order of the Court of Appeals, entered November 19, 2010 (Docket No. 293334). Following several hearings on remand, the trial court adopted an amended transcript of the jury instructions, which included instructions on the elements of the charged offenses. The parties also agreed that in light of the errors and omissions in the jury instruction portion of the original transcript, the entire trial transcript should be re-transcribed by a different court reporter. However, other court reporters were unable to complete an official record from the original reporter's steno notes.
>
> In a reply brief filed after the remand proceedings, defendant now agrees that the jury instructions as shown in the amended transcript confirms that the trial court correctly instructed the jury on the elements of the charged offenses, and "thus effectively eliminates the factual basis for the two issues raised in his initial Brief on Appeal." However, defendant also argues that in light of the manifest errors in the original transcript of the jury instructions, the transcript of the remainder of the trial is likely to be similarly

flawed.  He asserts that a complete transcript is essential to his constitutional right to appeal and his right to the assistance of counsel in that appeal.

Initially, as a procedural matter, defendant's attempt to raise this new argument in a reply brief is contrary to MCR 7.212(G), which states that "[r]eply briefs must be confined to rebuttal of the arguments in the appellee's or cross-appellee's brief[.]" Furthermore, even if defendant's argument is considered, defendant has not established entitlement to relief.

*People v. Hardges*, No. 293334, 2012 WL 556181, * 1 (Mich.Ct.App. Feb. 21, 2012).

Petitioner's conviction was affirmed on appeal. *Id.*, *lv. den.* 493 Mich. 866, 820 N.W.2d 920 (2012).

Petitioner seeks a writ of habeas corpus on the following ground:

Petitioner was denied his constitutional right to procedural due process where the state courts refused to grant him a new trial, or a remand to the state trial court for a proceeding to settle the entire record, where the full trial and sentencing transcripts provided to petitioner for his state appeal of right were shown to be unreliable and incomplete, thus precluding him from a fair and reasonable review of his convictions and sentences in the state courts.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person

in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral

4

review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103.

### III. Discussion

#### A. Due Process Violation due to Inaccurate Transcripts.

Petitioner contends that he was denied his due process rights when the state court refused to grant him a new trial or to remand the case for a

proceeding to settle the record, when a previous transcript was shown to be unreliable and incomplete, claiming that possible errors in other transcripts would prevent him from a fair and reasonable review of his convictions and sentences.

Petitioner has presented no evidence to support his claim that the additional trial transcripts were incomplete or inaccurate.   Conclusory allegations by a habeas petitioner, without any evidentiary support, do not provide a basis for habeas relief. *See, e.g., Washington v. Renico*, 455 F. 3d 722, 733 (6th Cir. 2006)(bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring an evidentiary hearing in a habeas proceeding); *Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998)(conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief).  A court reporter's transcript is presumed to be accurate or correct. *See Abatino v. United States*, 750 F.2d 1442, 1445 (9th Cir.1985); *United States v. Hoffman*, 607 F. 2d 280, 286 (9th Cir. 1979). Petitioner has not offered any proof to rebut this presumption, either in the state courts or with this Court.  Besides his own speculations, petitioner does not present any reason why this Court should suspect the transcripts to be inaccurate and is thus not entitled to habeas relief. *See Norris v. Schotten*,

6

146 F. 3d 314, 333 (6th Cir. 1998); *See also Bransford v. Brown*, 806 F. 2d 83, 86 (6th Cir. 1986)(to obtain relief based on a claim of missing transcripts, habeas petitioner must "present something more than gross speculation that the transcripts were requisite to a fair appeal.").  "There is no principle of law better settled, than that every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears." *Parke v. Raley,* 506 U.S. 20, 30 (1992).  There is no support to find that alleged inaccuracies in a transcript without more, would entitle a petitioner to habeas relief without some asserted specificity of an alleged inaccuracy and how that alleged inaccuracy in the transcript adversely affected petitioner's ability to obtain postconviction relief.   Petitioner's claim is meritless.

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve

encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.   "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.     For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  June 30, 2015

8

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 30, 2015, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135